IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMIAH C.S. WATSON, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-218-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| SANDPOINT POLICE DEPARTMENT, et al, ) | |
| ) | |
| Defendants. ) | |

    Plaintiff Jeremiah Watson was arrested in Sandpoint, Idaho after a traffic stop and charged with driving under the influence. In this § 1983 civil rights lawsuit the Plaintiff alleges that Defendants violated his constitutional rights during the incident. As relevant here, he alleges that Prosecuting Attorney Lori Meulenberg "had been advised that [Plaintiff's urine] test would probably return negative, however she declined to dismiss the charges as a matter of policy;" that Meulenberg "charged [Plaintiff] with a crime for which there was insufficient evidence and refused to dismiss the charges even when she knew that he would likely be proven innocent;" and that Meulenberg "ignored requests for discovery from [Plaintiff's] parents and his attorney." (Compl. ¶¶ 3.23, 4.11 & 4.12).

    Defendant Meulenberg has filed a Motion to Dismiss contending that as a Prosecuting Attorney she is entitled to absolute immunity from liability on Plaintiff's § 1983 claims. Plaintiff opposes the motion, asserting that Meulenberg was performing an administrative function when she engaged in the alleged misconduct and that therefore absolute immunity does not apply. The motion is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

On a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996). The Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Id.  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). The official seeking absolute immunity bears the burden of demonstrating that absolute immunity is justified for the function in question. Botello v. Gammick, 413 F.3d 971, 976-77 (9th Cir. 2005).

The United States Supreme Court has held that prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case." Burns v. Reed, 500 U.S. 478, 486 (1991). The Supreme Court also has recognized that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Id.

On the other hand, when a prosecuting attorney engages in a merely administrative function absolute immunity does not attach. Examples of administrative actions include conduct involving termination, demotion and treatment of employees. See Forrester v. White, 484 U.S. 219, 228-30 (1988).  The Supreme Court also has held that prosecutors are "not entitled to absolute immunity for advising police officers during the investigative phase of a criminal case, performing acts which are generally considered functions of the police, acting prior to having probable cause to arrest, or making statements to the public concerning criminal proceedings." Botello, 413 F.3d at 976-77 (citations omitted).

To determine whether an action is judicial, administrative or investigative, the court looks at "the nature of the function performed." Id. at 976. Here, it is clear that all the allegations regarding Meulenberg's actions concern conduct involving the initiation of prosecution and the exercise of prosecutorial judgment. The Plaintiff complains that Meulenberg improperly filed charges against the Plaintiff, that she refused to dismiss those same charges, and that she refused to provide discovery. All these matters "are intimately connected with the prosecutor's role in the judicial proceeding." Id. The Plaintiff's effort to paint Meulenberg's exercise, or failure to exercise,

her prosecutorial discretion as a "policy" decision is unavailing. Even a "policy" that bears on whether to file or dismiss a charge falls within the absolute immunity protection. "In analyzing the rational underpinnings of absolute prosecutorial immunity in this context, there is 'no meaningful distinction between a decision on prosecution in a single instance and decisions on prosecutions formulated as a policy for general application.' " Roe v. City and County of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997) (citations omitted); see also Botello, 413 F.3d at 977 (explaining that a "nonprosecution policy" is "intimately tied to the judicial process and is thus entitled to absolute immunity").

As a matter of law, Defendant Meulenberg is entitled to absolutely immunity from liability on the allegations contained in Plaintiff's Complaint. Therefore, the Motion to Dismiss will be granted.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendant Lori Meulenberg's Motion to Dismiss (docket no. 8) is **GRANTED.**

DATED:  **October 3, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge