IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMIAH C.S. WATSON, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-218-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| SANDPOINT POLICE DEPARTMENT, et al, ) | |
| ) | |
| Defendants. ) | |

    Plaintiff Jeremiah Watson was arrested in Sandpoint, Idaho after a traffic stop and charged with driving under the influence. In this § 1983 civil rights lawsuit the Plaintiff alleges that Defendants violated his constitutional rights during the incident. Pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(5), Defendant Bonner County, named through "subsidiaries" Bonner County Sheriff Department and Bonner County Correctional Facility, moves to dismiss Plaintiff's complaint against it for insufficiency of service of process.

    Plaintiff filed his complaint on May 27, 2005. Bonner County asserts that it was not served until November 7, 2005, beyond the 120 day requirement set forth in Rule 4(m). Plaintiff's counsel contends that he timely served Bonner County by certified mail within the 120 day time-frame. Bonner County states that it has no record of receiving any such certified mailing and observes that Plaintiff has not produced a copy of the certified mailing and has not filed a return of service. Plaintiff bears the burden of proving sufficiency of service. <u>Wei v. Hawaii</u>, 763 F.2d 370, 372 (9th Cir.1985). And the Plaintiff has not made the necessary showing here.

MEMORANDUM ORDER - Page 1
06ORDERS\Watson.WPD

However, as Bonner Count notes, even if Plaintiff had produced evidence of a certified mailing, service upon Bonner County cannot be accomplished by certified mail. Rule 4(j)(2) requires that service upon local government "be effected by delivering a copy of the summons and of the complaint." The requirement of "delivering" the complaint means that it must be personally served. See, e.g., A.L.T. Corp. v. Small Business Admin., 801 F.2d 1451, 1458 n.10 (5th Cir. 1986) (explaining that under Rule 4 "delivering," as opposed to service by "registered or certified mail," has been interpreted as requiring personal service). Thus the record demonstrates that service upon Bonner County did not occur until November 7, 2005, well beyond the 120 day requirement for service of Plaintiff's complaint.

Rule 4(m) provides that an action against a defendant shall be dismissed without prejudice if that defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint. However, the Court may extend the time period for service of a complaint upon a showing of good cause. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). The Ninth Circuit already has rejected the notion that an attorney's "ignorance of Rule 4 . . . constitutes good cause for untimely service." Townsel v.. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987); see also Wei, 763 F.2d at 372 (explaining that counsel's "inadvertence . . . does not qualify as good cause"). Therefore, Plaintiff cannot make a good cause showing in this case.

Under Rule 4(m), if the plaintiff fails to show good cause, the district court has "the discretion . . . to extend the time period for service." In re Sheehan, 253 F.3d at 513. Having reviewed the record, the Court declines to exercise its discretion in this case. The time limit set forth in Rule 4(m) "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." Wei, 763 F.2d at 372 (citing Geller v. Newell, 602 F. Supp. 501, 502 (S.D. N.Y. 1984) ("The harsh sanction of Rule 4 . . . is appropriate to those cases in which non-service was the result of mere inadvertence."); Arroyo v. Wheat, 102 F.R.D. 516, 518 (D. Nev. 1984) (Rule 4 . . . is aimed at "[i]nadvertent or heedless non-service")). The Court recognizes that Plaintiff "may be harmed by his attorney's neglect,

but 'litigants are bound by the conduct of their attorneys, absent egregious circumstances which are not present here.' "[1] Id.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendant Bonner County's Motion to Dismiss (docket no. 23) is **GRANTED** and that Plaintiff's Complaint against Defendants Bonner County, Bonner County Sheriff Department and Bonner County Correctional Facility **is DISMISSED without prejudice.**

DATED: **January 12, 2006**

_____
Honorable Edward J. Lodge
U. S. District Judge

---

[1] Plaintiff does not assert that his claims against Bonner County will be time-barred or that he will in any way be prejudiced by dismissal, but the Court acknowledges that this is a possibility. This factor, however, would not alter the Court's ruling. See, e.g., Townsel, 820 F.2d at 320 ("In enacting Rule 4 . . .Congress balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits.").